Chief Justice Robertson
delivered the opinion of the Court.
William Coleman, for himself, and as agent for N. B. Coleman, L. Day and John Cason, sold to Broadwell, a tract of land, for $1G0.
Broadwell paid to N. B. Coleman and Day, their respective portions of the consideration, and paid to W. Coleman, $80, for himself and Cason.
Cason, W. Coleman, Day and N. B. Coleman, afterwards conveyed their interest in the land to 'Broadwell, by deed of special warranty.
Broadwell having been evicted by a title superior ‘io that acquired by his deed, claimed a reimbursement of his money, on the ground that W. Coleman had practised a fraud on him. Day and N. B. Coleman refunded to him the amounts which they received, and Cason drew, in his favor, on W. Cole! man, for $40, that being the amount which W. Coleman had received for him. Coleman refused to accept the order, but stated, on its presentation, that he would;pay the amount of it to Cason, after deducting an inconsiderable sum, which he said that Casan owe'd him on fee bills.
To coerce the $40, Cason proceeded against W. Coloman, in 1827,, by warrant, on an account, and •obtained a judgment for the whole amount.
Where indeb-]¡r) justice of peace hasju-nsdiction.
í^ro^riate remedy against agent, ney5 00lleot~ ed for pl’tff. »thers.
Depew, for plaintiff.
On an appeal by W. Coleman, to the circuit court, judgment was rendered against him for $42. To reverse which, he prosecuted this writ of
The only ques'ion-prescnted for consideration, by the arguments of counsel, is, whether the magistrate had jurisdiction?
That there was an assumpsit, either express • or implied, by W. Coleman, to pay the $40 to Cason, has not been denied. Arid it is admitted that if infle-Hiatus assumpsit, would be maintainable, the magistrate had jurisdiction-.
We do not doubt that, if the amount had .$50, indebitatus assumpsit would have been the appropriate remedy on the contract implied by the receipt of the money, by Coleman, to Cason’s use. It is not material whether Coleman received the money from Broadweli, or made any other.arrangement with him, whereby he released him from the debt. In either case, an assumpsit by Coleman to Cason, would be Implied.
There is no solidity, therefore, in the objection to, the jurisdiction of the justice.
The loss of the land’ by Broadweli, cannot affect" Cason’s right to recover from Coleman. For if Broadweli have no legal right to the money, which he paid for the land, Coleman should pay to Cason what he received for him; and if, by fraudulent representations, Coleman has subjected himself to an action by Broadweli, Cason might also be held responsible for the acts of his agent; and surely Coleman could not resist the payment to Cason, on the ground of iiis own liability to Broadweli, unless that liability had been enforced.
Wherefore, the judgment of the circuit court reaffirmed.